# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CR-0217-001-CVE |
| ) | (14-CV-0058-CVE-PJC) |
| EDUARDO RAMIREZ, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On February 6, 2014, defendant Eduardo Ramirez, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 66). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

### I.

On December 3, 2012, a grand jury returned an indictment charging defendant and Jorge Soto-Ramirez with possession of marijuana with intent to distribute. Dkt. # 2. Defendant made his initial appearance on February 1, 2013 and the Federal Public Defender Julia O'Connell was appointed to represent him. Retained counsel, Charles Graham, subsequently entered an appearance for defendant, and O'Connell withdrew from representation of defendant. Dkt. ## 20, 21. The Court entered a scheduling order and a pretrial conference/change of plea hearing was set for March 5, 2013. Dkt. # 18. Defendant was initially detained by the magistrate judge, but upon

reconsideration the magistrate judge found that there were conditions that would assure the appearance of defendant at court hearings and the safety of other persons. Dkt. # 29.

Defendant and his attorney appeared at the hearing on March 5, 2013, and Graham advised the Court that defendant intended to change his plea to guilty. Defendant submitted a petition to enter plea of guilty in which he asked the Court to accept his guilty. He also made representations about the constitutional rights that he would be giving up if he pled guilty, which included:

(a) the right to a speedy and public trial by a jury;

(b) at that trial, and at all stages of the proceedings, the right to the assistance of an attorney;

(c) the right to see and hear all witnesses called to testify against me, and the right to cross-examine those witnesses;

(d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor;

(e) the right not to be compelled to incriminate myself by taking the witness stand; and, if I do not take the witness stand, no inference of guilt may be drawn from such failure.

Dkt. # 37, at 1. Defendant acknowledged that he would be waiving these rights if chose not to exercise his right to a jury trial and that he could receive the same punishment if he changed his plea to guilty. Id. at 2. Defendant admitted to the following factual basis for his guilty plea:

On or about November 7, 2012, I knowingly possessed approximately 100 pounds (less than 50 kilograms) of marijuana at my residence. I possessed the marijuana with the intent to distribute it. I knew it was illegal to possess marijuana with intent to distribute it. I have learned that marijuana is a Schedule I controlled substance. My residence is located at 124 N. Atlanta Place, Tulsa, Oklahoma which is in the Northern District of Oklahoma.

Id. He also stated that he "believe[d] that [his] attorney has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP [HE] HAS GIVEN ME." Id. at 4.

At the change of plea hearing, defendant advised the Court that he was changing his plea to guilty pursuant to a plea agreement with the government. Counsel for the government made a record as to the key terms of the plea agreement and that this was only offer made to defendant. In the plea agreement, defendant acknowledged that he would be waiving certain constitutional rights, and those rights were expressly identified in the plea agreement. Dkt. # 35, at 2. The plea agreement contained a waiver of appellate and post-conviction rights:

> In consideration of the promises and concession made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:
>
> a. The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);
>
> b. The defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;
>
> c. The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005);
>
> d. The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver; and
>
> e. The defendant waives the right to have his sentence modified pursuant to 18 U.S.C. § 3582(c), except for a Rule 35(b) motion filed by the government.

Id. at 3. In the plea agreement, defendant acknowledged that he faced a statutory maximum sentence of five years, but the parties stipulated that a base offense level of 20 was appropriate based on the

quantity of marijuana possessed by defendant. Id. at 10, 12. The government agreed that defendant demonstrated acceptance of responsibility by changing his plea, and it agreed to file a motion recommending that defendant receive an additional point reduction for acceptance of responsibility. Id. at 9. The plea agreement also included a sealed plea supplement.

The Court inquired about defendant's educational background and state of mind, and asked defendant if he had received a copy of the indictment. Dkt. # 76, at 19. Defendant stated that he had reviewed the indictment with Graham, and that he was satisfied with Graham's services. Id. at 20. Defendant admitted that he had an opportunity to review the plea agreement and plea agreement supplement with Graham, and defendant stated that he understood the plea agreement and it represented his complete agreement with the government. Id. at 21. He represented that he was pleading guilty of his own free will and that no one had forced or threatened him to change his plea. Id. at 22. The Court advised defendant that if he were convicted that he faced a maximum sentence of five years imprisonment, a fine of up to $250,000, and a term of supervised release of at least two years. Id. at 24. Defendant was advised that the Court could not determine his sentence until a presentence investigation report (PSR) was prepared, but defendant would have an opportunity to review the (PSR) and make any objections before the sentencing hearing. Id. at 28. The Court reviewed the plea agreement with defendant and specifically advised him of the appellate and post-conviction rights that he would be waiving by changing his plea pursuant to the plea agreement:

> THE COURT: . . . Do you understand that in consideration of the promises and concessions made by the United States in your written plea agreement, you are knowingly and voluntarily agreeing to waive the right to directly appeal your conviction and sentence pursuant to 28, U.S.C. Section 1291 and/or 18, U.S.C., Section 3742(a), except you reserve the right to appeal from a sentence which exceeds the statutory maximum? Do you understand that?
>
> DEFENDANT EDUARDO RAMIREZ: Yes.

4

THE COURT: Do you understand that you are expressly acknowledging and agreeing the United States reserves all right to appeal your sentence as set forth in 18, U.S.C., Section 3742(b) and the case of *United States v. Booker*?

DEFENDANT EDUARDO RAMIREZ: Yes.

THE COURT: Do you understand that you are knowingly and voluntarily agreeing to waive the right to collaterally attack your conviction and sentence pursuant to 22, U.S.C., Section – excuse me – 28, U.S.C., Section 2255 except for claims based on ineffective assistance of counsel which challenge the validity of your guilty plea or your waiver of appellate and post-conviction rights contained in your written plea agreement?

DEFENDANT EDUARDO RAMIREZ: Yes.

THE COURT: Do you understand that you are knowingly and voluntarily agreeing to waive the right to have your sentence modified pursuant to 18, U.S.C., Section 3582(c) except for a Rule 35(b) motion filed by the government?

DEFENDANT EDUARDO RAMIREZ: Yes.

THE COURT: Do you understand that you are expressly acknowledging that Mr. Graham has explained your appellate and post-conviction rights, that you understand those rights, and that you are knowingly and voluntarily waiving those rights as set forth in your written plea agreement?

DEFENDANT EDUARDO RAMIREZ: Yes, Your Honor.

Id. at 31-32. The Court also specifically advised defendant of the rights that he would be giving up by entering a plea of guilty:

THE COURT: All right. Before we get to the change of plea, I want to make sure you understand all the rights that you have. Do you understand that you have a right to plead not guilty to any offense charged against you and to persist in that plea; that you would then have the right to a trial by jury and you and you alone can give up that right? Do you understand that?

DEFENDANT EDUARDO RAMIREZ: Yes, Your Honor.

THE COURT: Do you understand that at jury trial, to convict you, all 12 of the jury members would have to agree unanimously that you are guilty or you could waive jury and the court would determine your guilty or innocence?

DEFENDANT EDUARDO RAMIREZ: Yes.

5

> THE COURT: Okay. Do you understand that at trial you'd be presumed to be innocent and the government would have to prove your guilt beyond a reasonable doubt; you would have the right to the assistance of counsel for your defense; the right to see and hear all the witnesses and have them cross-examined in your defense; the right on your own part to decline to testify unless you voluntarily elected to do so in your own defense; and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in your defense; and should you decide not to testify or put on any evidence, those facts cannot be used against you? Do you understand that you have all these rights as you stand here right now?
>
> DEFENDANT EDUARDO RAMIREZ: Yes, Your Honor.

Id. at 32-33. Defendant chose to give up his right to a jury trial and associated rights, and he executed a waiver of jury trial form. Id. at 35. Defendant admitted to the essential elements of the offense and he also stipulated that he possessed about 100 pounds of marijuana. Id. at 37. The government presented the facts that it would be prepared to prove at trial, and this included the fact that a firearm was found with the marijuana when defendant was arrested. Id. at 40. As part of the plea bargaining process, the government agreed to not charge defendant with an offense under 18 U.S.C. § 924(c), which would have resulted in a mandatory minimum sentence of 5 years that would have run consecutively to any other sentence imposed. The Court found that defendant's guilty plea was knowing and voluntary, and it accepted defendant's plea. Id. at 41. Defendant's sentencing hearing was set for June 6, 2013.

Defendant's sentencing hearing took place on June 6, 2013, and defendant appeared with his attorney. Defendant acknowledged that he had read the PSR and that he had an opportunity to make any objections before the sentencing hearing. Dkt. # 77, at 2. The Court advised defendant that his total offense level was 19 and his criminal history category was IV, and this resulted in an advisory guideline range of 46 to 57 months. Id. at 4. Graham spoke on defendant's behalf and requested a sentence at the low end of the advisory guideline range. The Court invited defendant to speak on

his own behalf. Defendant asked if he could be placed in a drug treatment program while he was incarcerated, to which the Court responded in the affirmative. Id. at 6. He also asked for forgiveness for his offense. Id. Counsel for the government did not object to defendant's request for a sentence at the low end of the advisory guideline range. Id. at 6-7. The Court noted that this was defendant's fifth conviction since 2003 for an offense involving marijuana, and the Court sentenced defendant to 46 months imprisonment. The Court advised defendant as to appellate rights:

> THE COURT: . . . Mr. Ramirez, I have a duty to advise you that subject to your waiver of appellate and post-conviction rights that was contained in your written plea agreement, you may have a right to appeal your sentence. Do you understand that any notice of appeal is due within 14 days of the judgment?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you also understand that if you wish to appeal and you cannot afford an appeal, there are forms in the clerk's office where you can apply to appeal in forma pauperis; do you understand that, without paying?
>
> THE DEFENDANT: Yes.

Id. at 11-12. The judgment and commitment was entered on June 7, 2013. Dkt. # 53. On February 6, 2014, defendant filed a pro se notice of appeal (Dkt. # 61) and a § 2255 motion was attached to the notice of appeal. The Court Clerk docketed the document as a notice of appeal (Dkt. # 61) and as a § 2255 motion (Dkt. # 66). The Tenth Circuit Court of Appeals dismissed the notice of appeal as untimely. Dkt. # 70. The Court ordered the government to respond to the § 2255 motion, and the government has filed a response (Dkt. # 80). Defendant was permitted to file a reply, but no reply has been filed.

## II.

Defendant has raised four claims in his § 2255 motion: (1) Graham failed to advise defendant of the rights he was giving up by entering a guilty plea; (2) Graham erroneously advised defendant to change his plea because the evidence was insufficient to sustain a conviction; (3) defendant was not given an opportunity to speak on his own behalf at the sentencing hearing; and (4) Graham failed to file a notice of appeal (grounds for relief one through four).[1] Dkt. # 66. The Court is aware that defendant is not represented by an attorney and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe defendant's pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

Plaintiff argues that defendant's plea agreement contains a waiver of certain post-conviction rights, and at least two of defendant's claims fall within the scope of the waiver. The Tenth Circuit has established a three-part test to determine if an appellate and post-conviction waiver is enforceable:

> (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . .

United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004). In determining the scope of an appellate or post-conviction waiver, a court must strictly construe the waiver in favor of the defendant and evaluate the scope of the waiver "in light of the defendant's reasonable understanding at the time of the guilty plea." United States v. Novosel, 481 F.3d 1288, 1291 n.1 (10th Cir. 2007). Challenges to the voluntariness of a guilty plea generally do not fall within the scope of a waiver.

---

[1] Defendant's fourth claim is based on Graham's alleged failure to file a notice of appeal, but defendant does not allege that he specifically directed Graham to file a notice of appeal. Dkt. # 66, at 8.

United States v. Weeks, 653 F.3d 1188, 1197 n.4 (10th Cir. 2011). Hahn requires the consideration of two factors in considering whether a defendant knowingly and voluntarily agreed to an appellate and post-conviction waiver. First, the court "examine[s] whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily." Hahn, 359 F.3d at 1325. Second, the guilty plea must be the result of an adequate colloquy under Fed. R. Crim. P. 11. Id. A miscarriage of justice may result "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful. Id. at 1327 (quoting United States v. Elliot, 264 F.3d 1171, 1173 (10th Cir. 2001)). A defendant may not avoid enforcement of a waiver under the "otherwise unlawful" exception based on alleged errors in the calculation of his sentence, because this exception is focused on the fairness of the proceedings, rather than result of the proceedings. United States v. Smith, 500 F.3d 1206, 1213 (10th Cir. 2007). A miscarriage of justice does not occur when a defendant receives a sentence higher than he expected if that sentence does not exceed the statutory maximum. United States v. Green, 405 F.3d 1180, 1194 (10th Cir. 2005) (courts should consider the statutory maximum, not the defendant's anticipated sentence under the United States Sentencing Guidelines, to determine if a miscarriage of justice has occurred). The defendant bears the burden to show that a miscarriage of justice has occurred. United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir. 2005).

The first Hahn factor is whether any of defendant's claims fall within the scope of his post-conviction waiver, and the Court agrees with plaintiff that two of defendant's claims fall within the scope of the waiver. Defendant's claims concerning Graham's alleged failure to advise defendant

9

of the rights he would be giving up by changing his plea (first ground for relief) and Graham's allegedly inaccurate advice about the sufficiency of the evidence (second ground for relief) do challenge the validity of his guilty plea, and defendant did not waive the right to bring these claims in a § 2255 motion. However, defendant alleges that Graham was ineffective for failing to allow defendant to speak at the sentencing hearing (third ground for relief) and for failing to file a notice of appeal (fourth ground for relief). These claims do not relate to the validity of defendant's guilty plea or the waiver of appellate and post-conviction rights, and these claims fall within the scope of defendant's waiver. The second Hahn factor is whether defendant knowingly and voluntarily waived his appellate and post-conviction rights. The plea agreement specifically states that defendant knowingly and voluntarily agreed to the appellate and post-conviction waiver. Dkt. # 35, at 3-4. The transcript of the change of plea hearing shows that the Court reviewed the appellate and post-conviction waiver with defendant in detail, and defendant was specifically advised of the rights he would be giving up by changing his plea pursuant to the plea agreement. Dkt. # 76, at 31-32. Defendant stated that he understood those rights and that he was voluntarily giving up certain appellate and post-conviction rights. Id. The record shows that defendant knowingly and voluntarily agreed to the waiver of appellate and post-conviction rights contained in his plea agreement. Finally, the Court finds that no miscarriage of justice will result from enforcing the post-conviction waiver, and the third Hahn factor supports enforcement of the post-conviction waiver.

The Court finds that defendant's appellate and post-conviction waiver is enforceable. The Court will consider the merits of defendant's claims that Graham allegedly failed to advise defendant of the rights he would be giving up by changing his plea (first ground for relief) and that Graham allegedly gave defendant inaccurate advice about the sufficiency of the evidence (second

10

ground for relief). These claims challenge the validity of defendant's guilty plea and they do not fall within the scope of the post-conviction waiver. However, defendant's claims that Graham was ineffective for failing to allow defendant to speak at the sentencing hearing (third ground for relief) and that Graham was ineffective for failing to file a notice of appeal (fourth ground for relief) are within the scope of the post-conviction waiver, and these claims will be dismissed.

**III.**

Defendant has raised two claims of ineffective assistance of counsel that are not within the scope of his waiver of appellate and post-conviction rights. First, defendant argues that his attorney was ineffective for failing to advise him of the rights that he would give up by entering a guilty plea. Dkt. # 66, at 4. Second, he argues that there was not a sufficient factual basis for a conviction and his attorney should not have advised him to enter a guilty plea. Id. at 5.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

11

To establish the second prong, a defendant must show that counsel's deficient performance prejudiced the defendant to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). In Glover v. United States, 531 U.S. 198, 199 (2001), the Supreme Court held that "any amount of actual jail time has Sixth Amendment significance." Thus, the prejudice prong of the Strickland test does not require that any increase in sentence must meet a standard of significance. See United States v. Horey, 333 F.3d 1185, 1187-88 (10th Cir. 2003).

Defendant argues that Graham failed to advise him of the constitutional rights that he would be giving up by entering a guilty plea, and that his guilty plea was not knowingly and voluntarily made. Graham states that met with defendant several times to go over the plea agreement and he advised defendant of his constitutional rights at each meeting. Dkt. # 80-1, at 2. Graham printed a blank form petition to enter plea of guilty, and he reviewed the document with defendant. Id. Graham also reviewed the plea agreement with defendant, and the plea agreement specifically advises defendant of the rights he would be waiving by changing his plea. Although defendant disputes that Graham advised defendant of his constitutional rights, defendant represented to the Court at the change of plea hearing that he had reviewed the plea agreement and petition with Graham and that he understood what rights he would be waiving by entering a guilty plea. Dkt. # 76, at 21, 36. Even if the Court were to find a factual dispute as to what advice defendant received before the change of plea, the Court conducted a thorough colloquy as required by Fed. R. Cr. P. 11, and defendant was advised of his constitutional rights during the change of plea hearing. Id. at 32-

12

33. Defendant told the Court that he was knowingly and voluntarily waiving these rights. There is no dispute that defendant was fully advised of his constitutional rights before the Court accepted his guilty plea and, even if the Court were to assume that Graham's performance was deficient, defendant could not show that he was prejudiced by the alleged failure of Graham to advise him of his constitutional rights. Defendant's first ground for relief is denied.

Defendant also argues that Graham erroneously advised him to change his plea, because the evidence was insufficient for a conviction. In his petition to enter plea of guilty, defendant admitted to the following facts:

> On or about November 7, 2012, I knowingly possessed approximately 100 pounds (less than 50 kilograms) of marijuana at my residence. I possessed the marijuana with the intent to distribute it. I knew it was illegal to possess marijuana with intent to distribute it. I have learned that marijuana is a Scheduled I controlled substance. My residence is located at 124 N. Atlanta Place, Tulsa, Oklahoma which is in the Northern District of Oklahoma.

Dkt. # 37, at 2. Graham states that defendant was aware of the strength of the government's case and he asked intelligent questions about potential weaknesses in the evidence. Dkt. # 80-1, at 2. Some of the key evidence against defendant included marijuana, United States currency, a firearm, and residency papers seized from defendant's residence. Id. After defendant was arrested, he voluntarily spoke to police and he admitted that he possessed marijuana for the purpose of distributing it. Id. Based on the strength of the government's case, Graham advised defendant to change his plea and defendant agreed with Graham that this was his best option. Id. The Court has reviewed Graham's affidavit (Dkt. # 80-1), defendant's petition to enter plea of guilty and the plea agreement, and the transcript of the change of plea hearing, and the facts admitted to by defendant are sufficient for a conviction. Graham did not give defendant erroneous advice about the sufficiency of the evidence, and this claim (second ground for relief) should be denied.

13

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 66) is **dismissed in part** and **denied in part**: defendant's third and fourth grounds for relief are dismissed and defendant's first and second grounds for relief are denied. A separate judgment is entered herewith.

**DATED** this 27th day of August, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE